UNITED STATES BANKRUPTCY COURT
                    FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )      Chapter 13
JACQUELINE J. JONES             )
                                )      Bankruptcy No. 07-00060
     Debtor.                    )


IN RE:                          )
                                )      Chapter 13
MARLA R. KING,                  )
                                )      Bankruptcy No. 07-00150
     Debtor.                    )


               **ORDER RE: APPLICATION FOR PAYMENT OF**
                        **OUT OF POCKET COSTS**

     These cases came before the undersigned on June 15, 2007 on Applications for Payment of Out of Pocket Costs.  Attorney Janet Hong appeared as counsel for both Debtors.  Carol Dunbar appeared as Chapter 13 Trustee.  After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

                        **STATEMENT OF THE CASE**

     Counsel for Debtors requests payment of out of pocket costs which include the Chapter 13 filing fee and costs of postage and copies.  These requests are in addition to the presumptive fee of $1,750 requested by Attorney Hong.  Trustee contends the $1,750 base fee includes costs, except for reimbursement of the Chapter 13 filing fee of $274.

                          **FINDINGS OF FACT**

     The Orders confirming the Chapter 13 Plans state that Debtor's attorney is awarded a fee in the amount of $1,750, a portion of which is due and payable from the bankruptcy estate through the Plan.  Trustee drafted these orders as directed by the Court at the confirmation hearing.  She explained she calculated the amount of the attorney fee to be paid from the plan based on the figures in the Requests for Presumptive Fee filed by Debtor's attorney.  Attorney Hong disclosed in those Requests that she had already received $1,600 from Debtor Jacqueline Jones and $774 from Debtor Marla King.  Thus, the

confirmation orders allow for payment to Attorney Hong of $150 in the Jones case and $976 in the King case.

Attorney Hong now requests payment of additional costs of $285.10 in the Jones case and $286.22 in the King case. Both of these amounts include the Chapter 13 filing fee of $274 which Attorney Hong disbursed on her clients' behalf. Attorney Hong explained that the remainder represents the approximately $10 to $12 of costs for postage and copies which is typical in a Chapter 13 case. She requests payment of these costs in addition to payment of attorney fees of $1,750. Trustee takes the position that these costs are within the $1,750 base amount of compensation allowed for a Chapter 13 debtor's attorney by Local Rule 2016-1(b). She agrees with Attorney Hong, however, that she is entitled to be reimbursed for the $274 she advanced for Debtors' filing fees.

## CONCLUSIONS OF LAW

The bankruptcy court has broad power and discretion to award or deny attorney fees. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000). Pursuant to Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor - Chapter 13:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan. The base amount figure is available from the clerk and applies to all attorney compensation through the first confirmation of a plan.

For Chapter 13 cases that were filed between August 10, 1998 and December 31, 2003, the base fee amount was $1001.00. For Chapter 13 cases filed between January 1, 2004 and December 31, 2005, the base fee amount was $1251.00. Effective March 7, 2006, the base amount established by the court for compensation in Chapter 13 cases has increased to $1751.00. This base amount applies retroactively to all cases filed on or after January 1, 2006.

The base fee amount is presumptively acceptable without the need for formal application and notice under Rule 2016(a) and 2002(a)(6). Generally, the base amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases. In re Cookinham, 2007 WL 983144, *2 (Bankr. N.D. Iowa 2007). This type of presumptive fee provision was noted with approval in In re Kula, 213 B.R. 729, 737 n.5 (B.A.P.

2

8th Cir. 1997), which commented that Chapter 13 cases are generally not prone to a lodestar calculation.  See also In re Eliapo, 468 F.3d 592, 599 (9th Cir. 2006) (collecting cases and concluding that reliance on presumptive guideline fees for routine services in Chapter 13 cases is consistent with § 330).

If Chapter 13 debtors' attorneys seek fees which exceed the presumptively acceptable base amount, the requirements of § 330(a) and Federal Rule of Bankruptcy Procedure 2016 must be followed.  Id.; IANB Local Rule 2016-1(b).  This requires the application of the conventional lodestar analysis.  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate.  Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).

**ANALYSIS**

The question presented is whether bankruptcy filing fees and costs for postage and copies are included in the base amount under Local Rule 2016-1(b), currently $1,750.  This raises issues of the intent of the Court in promulgating the Local Rule.  This Court's intent was to specify an amount of attorney compensation in Chapter 13 which is presumptively allowable without the need for formal application and notice.  The rule states the base amount "applies to all attorney compensation through the first confirmation of a plan."  By this, the Court meant that it includes both fees and costs.  It does not include the attorney's advance of funds to pay the debtor's Chapter 13 filing fee.  The filing fee should be reimbursed to the attorney in addition to the presumptive base amount, which is currently $1,750.

There is no precedent to inform the Court's decision in this case.  This is merely a matter of interpretation of the Local Rule and a statement of the Court's intent in promulgating the rule.  This decision conforms with the underlying intent of the rule to simplify procedures in Chapter 13 cases for the benefit of both the Court and debtor's counsel.  To further that goal, the Court suggests that attorneys representing Chapter 13 debtors list the amount they have received and disbursed for filing fees on the Disclosure of Compensation, in either paragraph 1 or 6.  Trustee can take that into account when calculating the amount of attorney compensation to be paid through the Chapter 13 plan.

**WHEREFORE**, the Applications for Payment of Out of Pocket Costs are GRANTED IN PART and DENIED IN PART.

**FURTHER**, the Court approves reimbursement of filing fees of $274 to Attorney Janet Hong by payment through the plan in each of these cases.

**FURTHER**, the remainder of the costs requested by Attorney Hong are disallowed, as they constitute a portion of the $1,750 in compensation already approved by the Court.

DATED AND ENTERED: July 5, 2007

*/s/ Paul J. Kilburg/*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE